UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTEL VAN DYKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-CV-6112 |
| | ) | |
| VILLAGE OF ALSIP and | ) | Judge Castillo |
| RODGER EARLY, Alsip Building | ) | |
| Commissioner; | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS**

Now come the Defendants, by and through their attorney, LOUIS F. CAINKAR LTD., and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, respectfully request that the Plaintiff's three-count Amended Complaint be dismissed for failure to state a claim upon which relief may be granted. In support of this motion, the Defendants state as follows:

1. Christel Van Dyke ("Van Dyke") owns a three-unit apartment building in the Village of Alsip ("Alsip"). (Amended Complaint ¶ 4). The apartment building was constructed in 1973. (Amended Complaint ¶ 5). Rodger Early ("Early") is the Village's Building Commissioner. (Amended Complaint ¶ 3). In May 2018, Early placed an "orange sticker" on the door of one of Van Dyke's apartment units (referred to in the Amended Complaint as the "garden apartment," the "garden unit" or the "basement apartment"), preventing the unit from being leased. (Amended Complaint ¶ 6). Early informed Van Dyke that the garden unit could not be rented unless she installed a fire sprinkler system. (Amended Complaint ¶ 6). Van Dyke subsequently requested that Early remove the sticker, claiming that the ordinance mandating the fire sprinkler system only

applies to multi-family dwellings constructed or converted after February 20, 1979. (Amended Complaint ¶ 7). Early refused to remove the orange sticker and the garden apartment remains unoccupied, depriving Van Dyke of rental income from the unit. (Amended Complaint ¶ 8). According to Van Dyke, the Village has not enforced the sprinkler mandate against "[O]ther owners of two flat buildings with basement apartments built before February 20, 1979." (Amended Complaint ¶ 9).

2. Counts I and II of the Amended Complaint purport to allege "class-of-one" equal protection claims against Early and the Village, respectively. Count III of the Amended Complaint seeks indemnification from the Village, based upon the provisions of the Illinois Tort Immunity Act, for any monetary judgement entered against Early. Van Dyke seeks injunctive relief and damages as a result of the alleged constitutional violations.

3. A motion to dismiss should be granted when no set facts consistent with the allegations in the complaint entitle the plaintiff to relief. *Conley v. Gibson,* 355 U.S. 41, 45 & 46 (1957). For purposes of a motion to dismiss, the court accepts all well-pled averments in the complaint as true and draws all reasonable inferences in favor of the non-movant. *Dimming v. Wahl,* 983 F. 2s 86, 87 (7th Cir. 1993). However, legal conclusions, unsupported by factual allegations, are not binding on the court. *Reichenberger v.Pritchard,* 600 F. 2d 280, 282 (7th Cir. 1981). In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) quoting *Bell Atl. Corp v. Twombly,* 550 U.S. 544, 570 (2007). "A complaint has facial plausibility when the plaintiff pleads factual content which allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. at 678; *McCarthy v. Village of Barrington,* 2018 WL 2305707, at *2 (N.D. Ill. 2018). "The complaint must establish a nonnegligible probability that the claim is valid." *Alarm Detection Systems, Inc. v. Village of Schaumburg,* 2018 WL 4679559 at *6 (N.D. Ill. 2018) quoting *In re Text Messaging Antitrust Litig.,* 630 F.3d 622, 629 (7th Cir. 2010).

While normally confined to the pleadings, a court may take notice of matters of public record without converting a Rule 12 (b)(6) motion into a motion for summary judgement. *Henson v. CSC Credit Service,* 29 F.3rd 280, 284 (7th Cir. 1994); *Kyle v. Brennan,* 2018 WL 3232794 at *2 (N.D. Ill. 2018). In the context of a motion to dismiss, a court may take judicial notice of a municipal zoning ordinance. *CBS Outdoor, Inc. v. Village of Plainfield,* 38 F. Supp. 3d 896, 906, n.2 (N.D. Ill. 2014), as well as a municipal zoning map. *Chicago Gun Club, LLC v. Village of Willowbrook,* 2018 WL 2718045 at *5, n. 1 (N.D. Ill. 2018). Similarly, a court may take judicial notice of court documents in deciding a motion to dismiss without converting it into a motion for summary judgement. *Henson v. CSC Credit Service,* 29. F.3d at 284; *Kyle v. Brennan,* 2018 WL 3232794 at *3 - *5 (Court takes judicial notice of plaintiff's allegations in previous court fillings); *Paulsen v. Abbott Laboratories,* 2018 WL 1508532 at *3 (N.D. Ill. 2018) at *3 (Court takes judicial notice of "the factual and procedural background of this litigation" in ruling on motion to dismiss).

4. As stated previously, the Amended Complaint attempts to posit a class-of-one equal protection claim against the Village and Early. To prevail, Van Dyke must establish that: (1) she has been intentionally treated differently from others similarly situated; and (2) there isn no rational basis for the difference in treatment. *Village of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000). Negligent or accidental differential treatment will not support a class-of-one claim – Van

Dyke must show that she was knowingly and intentionally targeted for disparate treatment. *Fares Pawn, LLC v. Indiana Dept. of Financial Institutions,* 755 F. 3d 839, 846 (7th Cir. 2014). Selective enforcement of the law is not actionable as a violation of equal protection unless the differential treatment is based upon invidious criteria such as race, vindictiveness or some similarly impermissible basis. *Tuffendsam v. Dearborn County Bd. Of Health,* 385 F. 3d 1124, 1127 & 1128 (7th Cir. 2004) ("The Constitution does not require states to enforce their laws (or cities their ordinances) with Prussian thoroughness as the price of being allowed to enforce them at all. Otherwise few speeders would have to pay traffic tickets. Selective, incomplete enforcement of the law is the norm in this country.") quoting *Hameetman v. City of Chicago,* 776 F. 2d 636, 641 (7th Cir. 1985). Put another way, there can be no class-of-one claim based solely on "a failure to prosecute at the plaintiff's behest." *Tuffendsam v. Dearborn County Bd. Of Health,* 385 F. 3d at 1128; *McCarthy v. Village of Barrington,* 2018 WL 2305707, at *3.

"[T]o get past a Rule 12 (b)(6) motion to dismiss on a class-of-one equal protection claim, 'a plaintiff must allege facts sufficient to overcome the presumption of rationality that applies to government classifications.'" *Kurtis B. v. Koop,* 725 F. 3d 684 686 (7th Cir. 2013) quoting *Wrobelski v. City of Washburn,* 965 F.2d 452, 460 (7th Cir. 1992). If a rational basis for the challenged action exists, there is no class-of-one equal protection claim irrespective of animus. *Fares Pawn, LLC v. Indiana Dept. of Financial Institutions,* 755 F. 3d at 845; *McCarthy v. Village of Barrington,* 2018 WL 2305707, at *3; (Complaint dismissed because it failed to allege "any plausible facts she was targeted by the Village" and because averments in pleading reasonably inferred conceivable rational basis for governmental action); *Chavarin v. Westchester Public Library Board of Trustees,* 2015 WL 5117859 at *4 (N.D. Ill. 2015) (Complaint dismissed because allegations failed to exclude possible rational basis for governmental action).

4

5. The Defendants, as argued in their response to Van Dyke's request for temporary restraining order and preliminary injunction, had a rational basis for prohibiting the leasing of the garden apartment—the use restrictions in the Village's Zoning Ordinance.[1] There is no dispute that Van Dyke's apartment is located in the R-2 Residence District zoning classification. (Docket, Document # 13, Pages 11, 23 and 24 of 25; Document # 16, Page 12 of 24). The R-2 Residence District zoning classification restricts the occupancy of Van Dyke's apartment building to two residential units. (Docket, Document # 13, Pages 11, 23 and 24 of 25; Document # 16, Pages 12, 17 and 18 of 24). Allowing the rental of Van Dyke's garden apartment would result in the use of the apartment building as a three-unit residential dwelling which is not a permitted use in the R-2 Residence District zoning classification. Accordingly, the Defendants have a rational basis for prohibiting the rental of the garden apartment, which defeats Van Dyke's class-of-one equal protection claim as a matter of law.

6. Even without taking judicial notice of public records, the Amended Complaint fails to allege that Van Dyke was being singled out or unfairly targeted through Early's enforcement of the use restrictions in the Village's Zoning Ordinance (i.e., limiting the occupancy of Van Dyke's building to two residential units). As stated previously, a presumption of validity attaches to the Village's efforts to enforce its regulatory ordinances. *Miller v. City of Monoma,* 784 F. 3d 1113, 1119 (7th Cir. 2015) (State and local land use decisions are entitled to substantial deference when constitutional claims are raised in federal court). Unequal treatment, in and of itself, does not rise to the level of a constitutional violation. *Miller v. City of Monoma* 784 F. 3d at 1119 & 1120; *Kurtis B. v. Koop,* 725 F. 3d. at 785-787. Van Dyke was required to allege fats which negate the

---

[1] This court's April 2, 2019 order required that Van Dyke file her reply brief in support of the motion for temporary restraining order and preliminary injunction by April 16, 2019. Van Dyke failed to file a reply brief.

deference to local decision making and reasonably infer that she was knowingly and intentionally singled out by Early and the Village for no rational reason. *Fares Pawn, LLC v. Indiana Dept. of Financial Institutions,* 755 F.3d 845-847; *McCarthy v. Village of Barrington*, 2018 WL 2305707, at *3. Because the Amended Complaint fails to properly allege the type of personal animus and individualized vindictiveness required for a class-of-one equal protection claim, it must be dismissed.

Van Dyke's charge in Paragraph 9 of the Amended Complaint that similarly situated parties have not been required to install the fire sprinkler system before renting their basement apartment fails to negate any conceivable rational basis for the Village's actions. First off, "[T]o be similarly situated, a comparator must be 'identical or directly comparable' to the plaintiff in all material respects." *Miller v. City of Monoma,* 784 F.3d at 1120, (7th Cir. 2015) quoting *LaBella Winnetka, Inc. v. Village of Winnetka,* 628 F.3d 937, 942 (7th Cir. 2010). Van Dyke's failure to allege that Early or the Village had actual *knowledge* of those claimed violations belies their status as similarly situated parties. Moreover, and as previously stated, a mere allegation of unequal treatment, standing alone, is insufficient to establish that Van Dyke is the victim of individualized and purposeful discrimination necessary for a class-of-one claim. That being the case, the Amended Complaint fails to allege a class-of-one equal protection claim.[2]

For the foregoing reasons, the Amended Complaint should be dismissed.

---

[2] This court may take judicial notice of the public records attached as exhibits to the Defendants' response to Van Dyke's request for temporary restraining order and preliminary injunction which reflect the Village's previous attempts to enforce the R-2 Residence District restrictions against the previous owner of Van Dyke's apartment building as well as a claimed comparator. (Docket # 16 Page 22 of 24 and Page 24 of 24).

/s/ Michael G. Cainkar

MICHAEL G. CAINKAR - #6182679
LOUIS F. CAINKAR, LTD
Attorneys for the Defendants
30 North LaSalle Street - #3430
Chicago, Illinois 60602-3333
(312)236-3985

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, on oath state: I served a copy of the Defendant's Motion to Dismiss by e-mailing a copy to the CMT System for the Northern District of Illinois on May 10, 2019.

/s/ Michael G. Cainkar

MICHAEL G. CAINKAR - #6182679
LOUIS F. CAINKAR, LTD
Attorneys for the Defendants
30 North LaSalle Street - #3430
Chicago, Illinois 60602-3333
(312)236-3985